**FILED**
July 07, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Philip Ireland ] | |
| *Plaintiff* ] | |
| vs ] | |
| ] | |
| Capital One Auto Finance, Inc. ] | Case No. [To be assigned] |
| Capital One Financial Corporation ] | |
| Capital One Bank, N.A. ] | 6:25-cv-00277 |
| Richard D. Fairbank. ] | |
| *Defendant* ] | |

## NOTICE OF CIVIL SUIT AND PETITION FOR DECLARATORY RELIEF, DAMAGES, INJUNCTIVE RELIEF, AND JURY DEMANDED

**COMES NOW**, the Plaintiff, Philip Ireland, appearing in Propria persona, proceeding as a pro se litigant petitioning this court for redress and hereby files this verified complaint against Defendant(s), Richard D. Fairbank, Capital One Auto Finance, Inc., Capital One Financial Corporation, and Capital One Bank (USA), N.A. (Collectively "Capital One"), and alleges as follows:

### I. SHORT AND PLAIN STATEMENT

Plaintiff, Philip Morgan Ireland, brings this action against Defendants, Richard D. Fairbanks, Capital One Auto Finance, Inc., Capital One Bank, N.A., and Capital One Financial Corporation (collectively, "Capital One"), for violations of federal statutory law, including but not limited to: (1) **breach of statutory duty under the Federal Reserve Act (12 U.S.C. § 411)** for refusing to honor lawful United States obligations tendered in the form of a negotiable instrument; (2) **engaging in unlawful restraint of trade and anticompetitive practices in violation of the Sherman Antitrust Act, 15 U.S.C. § 1**, by refusing to accept federally-backed instruments and retaliating against Plaintiff's use of lawful payment methods; and (3) **knowingly submitting false or fraudulent claims for payment and attempting to collect on a discharged debt, in violation of the False Claims Act, 31 U.S.C. §§ 3729–3733**. This case arises from Capital One's willful refusal to honor a properly executed and monetized promissory note offered by Plaintiff in satisfaction of an alleged debt, the improper closure of Plaintiff's trust and credit accounts following a special deposit, and the continued misrepresentation of the obligation as delinquent despite lawful tender and extinguishment—all constituting actionable violations under federal law and giving rise to a claim upon which relief can be granted.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, 12 U.S.C. § 95a, and 15 U.S.C. § 1 et seq., as Plaintiff alleges violations of federal law including the Federal Reserve Act, antitrust law, and fraudulent financial practices under Title 18 of the United States Code.
2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

3. Plaintiff, Philip Ireland is a natural person, a resident of Texas, and trustee of the Ireland Revocable Living Trust.
4. Defendant Capital One Auto Finance Inc. handles auto loan servicing and oversees vehicle financing conducting business in the state of Texas.
5. Defendant Capital One Bank (USA), N.A., is a federally chartered banking institution conducting business in the state of Texas.
6. Defendant, Capital One Financial Corporation, is a financial holding company incorporated in Delaware with its principal place of business in McLean, Virginia.
7. Plaintiff joins **Richard D. Fairbank**, CEO of Capital One Bank (USA), N.A., in his **personal and official capacity** pursuant to **Fed. R. Civ. P. 19(a)** as a **necessary party** whose participation is required for complete relief. Plaintiff alleges that Mr. Fairbank **had direct supervisory authority** over agents and officers who executed the wrongful conduct alleged herein and either **approved, failed to prevent, or failed to remedy** such conduct despite knowledge of ongoing injury and procedural violations.

## IV. STATEMENT OF FACTS

1. Plaintiff obtained an auto loan from Capital One.
2. Plaintiff executed a promissory note for the auto loan.
3. Under the Federal Reserve Act (12 U.S.C. § 411), such a note becomes monetized and exchanged for Federal Reserve Notes when deposited or pledged by a financial institution. Once pledged, the obligation is extinguished dollar for dollar.
4. The Federal Reserve Act prohibits any duplication or unjust enrichment through double satisfaction. Once the note is monetized and converted into legal tender, the obligation is deemed discharged. *See, Chicago Title & Trust Co. v. United States,* 229 U.S. 453 (1913); *Juilliard v. Greenman,* 110 U.S. 421 (1884).
5. Capital One failed to provide evidence of whether the note was monetized, sold, or pledged. After the Plaintiff subsequently tendered a bill of exchange, he was still pursued for the full balance as if the note remained a personal obligation.

6. Plaintiff alleges the obligation was extinguished under the principles of **merger and discharge** and **double recovery doctrine**. *See, United States v. Hooe,* **3 Cranch 73 (1805);** *Brown v. Spofford,* **95 U.S. 474 (1877).**
7. The bank further failed to disclose whether it received consideration from the Federal Reserve or a third party, constituting a violation of **TILA** (15 U.S.C. § 1601 et seq.) and **Truth in Lending Regulation Z**.
8. Capital One's lack of transparency constitutes fraud by omission. *See, Universal Health Servs., Inc. v. United States ex rel. Escobar,* **579 U.S. 176 (2016).**

## V. SPECIAL DEPOSIT ACCOUNT VIOLATION

1. Plaintiff lawfully opened a trust checking account with Capital One under the Ireland Revocable Living Trust.
2. Plaintiff submitted written notice of their intent to make "special deposits" under Nebraska LB 231 (Uniform Special Deposits Act).
3. Plaintiff tendered and deposited a valid negotiable instrument — a bill of exchange — as defined in 12 U.S.C. §§ 1813(l)(1) and UCC § 3-104. The deposit is also eligible paper and collateral for the issuance of Federal Reserve Notes, as stated in the Federal Reserve Act.
4. Capital One accepted the deposit, thereby assigning value to the instrument under **UCC § 3-303(a)** and **Federal Reserve Operating Circular 3**.
5. Immediately after accepting the instrument, Capital One restricted and closed the account and later closed Plaintiff's credit card account.
6. Plaintiff was falsely accused of "fraudulent activity," without any investigation, in violation of **15 U.S.C. § 1691 (Equal Credit Opportunity Act)** and **15 U.S.C. § 6801 (Gramm-Leach-Bliley Act)**.

## VI. CLAIMS FOR RELIEF

### Count I: Violation of the Federal Reserve Act

7. Defendant retained the proceeds from the monetization of Plaintiff's note but continued to enforce collection.
8. This constitutes a double recovery and unjust enrichment. *See, Hamer v. Sidway,* **124 N.Y. 538 (1891);** *Texas & Pacific Ry. Co. v. Pottorff,* **291 U.S. 245 (1934).**
9. Violation of the Federal Reserve Act supports a finding of fraud and misrepresentation.

### Count II: Violation of 15 U.S.C. § 1 (Sherman Antitrust Act)

10. Capital One engaged in anticompetitive practices by excluding Plaintiff's lawful instrument and terminating accounts.
11. Plaintiff alleges Capital One operated in **conspiracy with other banks** or clearing agents to obstruct the circulation of lawful tender or alternate instruments in violation of antitrust laws.
12. *See, Northern Pacific R. Co. v. United States*, **356 U.S. 1 (1958)** ("Unreasonable restraints of trade are per se violations"); *United States v. Trenton Potteries Co.,* **273 U.S. 392 (1927).**
13. Plaintiff is entitled to treble damages and injunctive relief under 15 U.S.C. § 15.

## Count III: False Claims Violation

14. By collecting on a debt that had been discharged, and making false representations to the public and regulators, Capital One submitted or caused to be submitted false claims within the meaning of **31 U.S.C. § 3729**.

## Count IV: Wrongful Dishonor & Breach of Fiduciary Duty

15. Capital One dishonored Plaintiff's negotiable instrument after having accepted and assigned value to it.
16. This constitutes a wrongful dishonor under **UCC § 3-502 and § 4-402**.
17. Capital One had a fiduciary duty to Plaintiff once the trust account was opened and funded with consideration. Their arbitrary closure is a breach of that duty.
    *See, Meinhard v. Salmon,* **249 N.Y. 458 (1928)** (fiduciary standards); *FDIC v. Ernst & Young,* **967 F.2d 166 (5th Cir. 1992).**
18. Plaintiff's trust account constituted a special deposit account, not subject to general creditor-debtor relations.
    *See, People v. City Bank of Rochester,* **96 N.Y. 32 (1884).**

## Count V: Due Process & Civil Rights Violations

19. Plaintiff was deprived of property and contractual rights without due process of law under the **Fifth** and **Fourteenth Amendments**.
20. Capital One's actions were taken under color of federal banking authority, making them subject to scrutiny under *Bivens v. Six Unknown Named Agents,* **403 U.S. 388 (1971)** and *Ex parte Young,* **209 U.S. 123 (1908).**

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands:

- Declaratory judgment that Plaintiff's obligation was discharged upon monetization of the promissory note.
- Treble damages under 15 U.S.C. § 15.
- An injunction restraining Capital One from reporting derogatory information to credit bureaus and immediate reversal of adverse reported information.
- Compensatory damages no less than $250,000.
- Punitive damages as the Court deems just.
- Full restoration of ALL accounts that were terminated or restricted.
- An injunction prohibiting Capital One's unlawful restraint of trade.
- Costs and attorney fees if counsel is retained.
- Trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2025, the foregoing document was filed in Court, and upon Summons being returned, a copy will be served on the parties below.

**REGISTERED AGENT FOR CAPITAL ONE FINANCIAL CORPORATION**

RICHARD D. FAIRBANK
C/o Capital One Financial Corporation
Corporation Service Company
2711 Centerville Road, Suite 400
P.O. BOX 12548, Capitol Station
Wilmington, DE 19808
(302) 636-5401

**REGISTERED AGENT FOR CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION**

Corporation Service Company
11 South 12th Street,
Richmond, Virginia 23218

**CAPITAL ONE AUTO FINANCING, INC.**

Corporate Headquarters:
Capital One Financial Corporation
1680 Capital One Drive
McLean, VA 22102

# VERIFIED DECLARATION OF PHILIP IRELAND

## PURSUANT TO 28 U.S.C. § 1746

I, Philip Ireland, of sound mind and competent to testify, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, belief, and firsthand experience:

1. I am the lawful originator of the promissory note issued to Capital One Auto Finance in connection with an automobile loan agreement. Said note constitutes a valid negotiable instrument as defined under the Uniform Commercial Code (UCC), specifically UCC § 3-104.
2. The promissory note I tendered carried full legal and equitable value under federal banking statutes. Pursuant to the Federal Reserve Act, 12 U.S.C. §§ 411 and 412, all Federal Reserve Notes must be backed by value—either commercial paper or obligations of the United States. Thus, any note of value accepted by a member bank is, by law, monetized and used as collateral to receive funds from the Federal Reserve Bank. My negotiable instrument was accepted for value, monetized, and Capital One received a benefit, while the alleged debt retained its character as a personal obligation.
3. Capital One Auto Finance, a federally regulated entity, failed to disclose whether it pledged or otherwise monetized my promissory note in exchange for Federal Reserve credit or funds. This omission obstructs full disclosure and constitutes a material non-disclosure and potential unjust enrichment.
4. I requested verification under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and Regulation Z, whether value was given in accordance with § 226.17 and § 226.23. Capital One failed or refused to substantiate that actual consideration was provided beyond a bookkeeping entry. Bookkeeping entries are NOT lawful money.
5. I further established a Revocable Living Trust and opened a deposit account with Capital One, sending prior written notice of my intent to deposit lawful instruments backed by public obligations, in accord with the Uniform Commercial Code, the Uniform Special Deposit Act (as enacted in Nebraska), and the Federal Reserve's Collateral Guidelines.
6. I deposited a bill of exchange properly formatted and supported by findings of fact and conclusions of law, constituting a lawful Special Deposit under my private trust capacity. Capital One accepted the deposit and issued credit, thereby admitting value was received.
7. Almost immediately, my account was unilaterally closed without valid cause, followed by the closure of my credit card account, under false allegations of fraudulent activity. These actions constitute a retaliatory and anticompetitive practice under 15 U.S.C. § 1 (Sherman Act) and 15 U.S.C. § 45 (FTC Act).
8. Capital One engaged in deceptive banking practices in violation of federal law by accepting an instrument of value, issuing credit for it, then repudiating the transaction while retaining the benefit—an act that violates the prohibition on false claims, unjust enrichment, and constructive fraud.
9. Capital One has acted in violation of the Federal Reserve Act, the Truth in Lending Act, and the Sherman Antitrust Act. Their conduct shows a pattern of racketeering activity under 18 U.S.C. § 1962, particularly when viewed in conjunction with systemic denial of Special Deposits and coordinated account closures.

10. These acts and omissions have caused economic injury to my trust and myself in my fiduciary capacity. All claims made herein are verified and made in good faith.

## NOTICE OF REBUTTAL OPPORTUNITY AND DEFAULT TERMS

This declaration shall serve as a Verified Statement under 28 U.S.C. § 1746 and is made in lieu of a sworn affidavit. The Respondent(s) are hereby granted **ten (10) days** from receipt of this declaration to rebut each point made herein **point-by-point, in full detail**, and with **material evidence** by way of an unsworn affidavit under penalty of perjury or a notarized affidavit.

**Failure to rebut each point in full within ten (10) calendar days**, or responding with vague, incomplete, or conclusory answers **shall be deemed as tacit acquiescence and admission of all facts stated herein**. This will constitute a legal default and confession of judgment pursuant to:

- **Federal Rules of Civil Procedure, Rule 55** (default for failure to respond)
- *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977) – Silence when there is a duty to speak may be construed as a form of fraud.
- *Thompson v. Smith*, 154 S.E. 579, 581 (Va. 1930) – "To ignore the request to answer is to admit the allegations by silence."
- *United States v. Prudden*, 424 F.2d 1021 (5th Cir. 1970) – "Silence can only be equated with fraud where there is a legal or moral duty to speak."
- *Norton v. Shelby County*, 118 U.S. 425 (1886) – "An unconstitutional act is not law… it imposes no duties, confers no rights, creates no office…"

Upon expiration of the 10-day period without full rebuttal, this Verified Declaration will be submitted into evidence in any legal proceeding as proof of default judgment and factual admission by the Respondent(s).

Executed this 2nd day of July, 2025
In Teague, Texas 75860.

Signature: _____
**Philip Morgan Ireland**
Authorized Representative of the Ireland Revocable Living Trust in trust and private capacity

